Dennis Yan (257854)
300 Ogawa Plaza, Suite 218
Oakland, Ca 94612
Telephone (415) 867-5797
Facsimile (415) 901-0650
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE:

CHUAN TANG,

    Debtor

Case No.: 16-30196

Chapter 7

OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY TO COMPLETE PENDING STATE COURT LITIGATION AND REQUEST FOR SANCTIONS

Date: April 7, 2016
Time: 9:30 AM
Ctrm: 17
Judge: Hon. Dennis Montali

CHUAN TANG ("Debtor") hereby files opposition to creditor FRANCISCO GUACAMAYA GARCIA's MOTION FOR RELIEF FROM AUTOMATIC STAY TO COMPLETE PENDING STATE COURT LITIGATION AND REQUEST FOR SANCTIONS.

RELIEF FROM THE AUTOMATIC STAY SHOULD NOT BE GRANTED BECAUSE THIS IS A NO ASSET CASE AND THERE IS NO REASON TO BRING STATE COURT ACTION TO TRIAL.

Contrary to movant's assertion, Debtor has not removed the state court action to this court. Movant has the facts wrong. Movant's argument that it is more economical to proceed with the action in the state court versus litigation in the bankruptcy court is misplaced. Furthermore,

- 1

Movant admits that this is a no asset case and that there is no money to be distributed to the creditors. Based on this assumption that there is no asset, it is meaningless to go to trial. Even if Movant obtains a money judgment, debtor's estate has no asset to pay. Movant argues that relieve from stay is required to liquidated his claim, but if debtor's estate has no asset to distribute to creditors, it makes no difference whether movant's claim is liquidated or unliquidated.

Movant argues that debtor's filing was in bad faith because "Debtor filed his chapter 7 petition on the eve of trial … and immediately removed the action to the bankruptcy court." But again, Debtor *did not* remove the state court action to the bankruptcy court. Movant is mistaken on the facts. Debtor filed his chapter 7 petition because he is insolvent. That is not bad faith.

## CONCLUSION

Movant's motion for relief from automatic stay should be denied.

Respectfully submitted

Dated: 3/25/16

 /s/ Dennis Yan
Attorney for Debtor

- 2